**Sandy Arody ESCALANTE; et al., Petitioners,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–70095.

United States Court of Appeals, Ninth Circuit.

Submitted April 1, 2004.*

Decided April 6, 2004.

Sandy Arody Escalante, Loma Linda, CA, pro se.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Linda S. Wendtland, Esq., Luis E. Perez, Esq., DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before: THOMAS, W. FLETCHER and BEA, Circuit Judges.

MEMORANDUM **

Sandy Arody Escalante and his wife Blanca Yuniva Escalante, natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' ("BIA") order affirming without opinion an immigration judge's ("IJ") denial of their applications for cancellation of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review de novo the IJ's determination of purely legal questions. *Molina–Estrada v. INS,* 293 F.3d 1089, 1093 (9th Cir. 2002). We deny the petition.

The IJ properly denied the petitioners' application for cancellation of removal because the petitioners conceded that they had no qualifying relative who would suffer exceptional and extremely unusual hardship if they were removed. *See id.* at 1093–94 (concluding that petitioner who failed to show evidence of qualifying relative was ineligible for cancellation of removal).

To the extent the petitioners seek to qualify for cancellation of removal based on the recent birth of their U.S. citizen daughter, this "new information" must be presented first to the BIA in a motion to reopen proceedings. *See Ortiz v. INS,* 179 F.3d 1148, 1152–53 (9th Cir.1999) (concluding that alien who could not raise an issue for the first time on appeal from the BIA was free to move the BIA to reopen).

Petitioners' equal protection argument lacks merit because Congress' distinction between aliens placed in deportation proceedings and aliens placed in removal proceedings is not "wholly irrational." *See Hernandez–Mezquita v. Ashcroft,* 293 F.3d 1161, 1164–65 (9th Cir.2002) (holding that petitioner must show that classification is wholly irrational in order to demonstrate equal protection violation).

Finally, the petitioners' challenge to the BIA's streamlining decision is foreclosed

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

by *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 850–51 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.